IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 05 C 1824 |
| | ) | |
| 2540 CHADWICK WAY | ) | |
| MUNDELEIN, ILLINOIS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 30, 2005, the government filed a verified complaint against the property, seeking forfeiture pursuant to 18 U.S.C. §981(a)(1)(c). It claimed that the property, at least in part, was purchased with funds secured by Hector Morales through a fraud scheme in which his son participated. The allegations clearly target Hector Morales as the principal wrongdoer. The property is apparently owned by Hector Morales and his wife. The government has recorded a *lis pendens* notice.

The mortgage loan on the property has been delinquent since January 2005, and a payoff would take approximately $260,000. The government has moved to have the property sold so as to avoid foreclosure; to have the mortgage and related charges, as well as taxes and necessary fees, paid; and to have the remaining proceeds held in escrow pending resolution of the forfeiture claim. It relies upon 18 U.S.C. §983(j).

The wife, Ilse Morales, objects. She contends that she, a co-owner, did nothing wrong, that she wants to keep the property, and that she wants to refinance but cannot because of the *lis pendens*. In the meantime, the house apparently is empty; Hector Morales has fled, according to the government; and no one is paying the mortgage.

Hector Morales is a co-owner; his interest is subject to forfeiture if the allegations in the verified complaint are true; and the government has a right, pursuant to 18 U.S.C. §983(j), to protect its claimed interest by recording its *lis pendens* notice and by selling the property to avoid foreclosure. It may well be that the claimant has a right to half of the net escrowed proceeds, and that determination should be made expeditiously, possibly even before the sale. But the sale should go forward and, accordingly, we are entering today an order so directing.

                                                              JAMES B. MORAN
                                                              Senior Judge, U. S. District Court

May 12, 2005.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 1824 |
| v. | ) | |
| | ) | Judge James B. Moran |
| 2540 CHADWICK WAY | ) | |
| MUNDELEIN, ILLINOIS | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DIRECTING THE INTERLOCUTORY SALE OF THE REAL PROPERTY COMMONLY KNOWN AS 2540 CHADWICK WAY, MUNDELEIN, ILLINOIS

This matter comes before this Court on motion of the United States for a protective order directing the interlocutory sale of the real property commonly known as known as 2540 Chadwick Way, Mundelein, Illinois, pursuant to Title 18, United States Code, Section 983(j), and this Court fully advised finds as follows:

(a) On March 30, 2005, the United States filed a verified complaint against the defendant real property commonly know as 2540 Chadwick Way, Mundelein, Illinois ("the Mundelein property") seeking forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C). The Mundelein property is legally described as follows:

> LOT 400 IN TOWN & COUNTRY HOMES FIRST MUNDELEIN ADDITION PHASE FIVE, BEING A SUBDIVISION OF PART OF THE SOUTHEAST 1/4 AND SOUTHWEST 1/4 OF SECTION 14, TOWNSHIP 44 NORTH, RANGE 10 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST 10, 1998 AS DOCUMENT 4183979 IN LAKE COUNTY, ILLINOIS.

Permanent Real Estate Index: 10-14-307-001.

(b) To preserve its interest in the Mundelein property, after the complaint was filed, the United States recorded a *lis pendens* notice with the Lake County Recorder's Office. The outstanding mortgage held by Harris Trust and Savings Bank, has not been paid in a timely manner, thereby affecting the value of the real property subject to forfeiture. Specifically, the mortgage loan held by Harris Trust and Savings Bank has been delinquent since January 2005. The mortgage payoff, with late fees and other charges, as of March 2005, is approximately $259,000, with interest accruing on a daily basis;

(c) The United States requests that the Court order that Mundelein property be sold by EG&G Technical Services, Inc., custodial contractor for the United States Department of Homeland Security, and that the proceeds from the sale of the property, after the payment of certain costs, detailed in paragraph (g) below, be retained in an escrow account pending further order of this Court;

(d) The requested interlocutory sale is necessary to prevent the initiation of foreclosure proceedings against the Mundelein property and to preserve the availability of the equity in the real property subject to forfeiture. Failure to take the proposed action, in all probability, will result in economic damage to the value of the property and jeopardize the availability of any funds representing the equity from the real property for forfeiture to the United States;

(e) Pursuant to 18 U.S.C. § 983(j), this Court has jurisdiction to enter orders or take other action to preserve and to protect property to insure that the property will be available for civil forfeiture. Specifically 18 U.S.C. § 983(j) provides in part:

> (1) Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of satisfactory performance bonds...or take any other action to seize, secure, maintain or preserve the availability of property subject to civil forfeiture-

(A) upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order sought is subject to civil forfeiture.

(f) The United States further requests that, to facilitate the sale of the property, EG&G Technical Services, Inc., be allowed to employ a real estate broker experienced and knowledgeable in the sale of similar property, with multiple listings, who shall be paid the usual and customary commission and/or fees from the proceeds of the sale, not exceeding 6.0%. Furthermore, the United States requests that a representative of EG&G Technical Services, Inc., and a realtor hired by EG&G Technical Services, Inc., to dispose of the property, be permitted access to the property for the limited purpose of securing the premises and taking whatever steps are necessary to prepare the property for sale so as to preserve the value of the real property subject to forfeiture. If the subject property is occupied, the United States requests that any occupants be required to sign an occupancy agreement with EG&G Technical Services, Inc., or its representatives and cooperate with EG&G Technical Services, Inc., or its representatives, in its efforts to sell the property. Failure to cooperate should result in further action by this Court, including eviction;

(g) Upon the sale of the real property, the United States requests that Harris Trust and Savings Bank, shall receive the unpaid balance of the mortgage and interest due at the note rate. If appropriate, Harris Trust and Savings Bank shall be reimbursed for funds advanced to taxing authorities in order to pay outstanding real estate taxes owed on the property and funds advanced to pay outstanding insurance premiums upon appropriate verification. In addition, any outstanding state, county, city or school taxes due and owing shall be paid. Furthermore, any fees incurred by EG&G Technical Services, Inc., in effectuating the sale of the real property, including realtor's fees, shall be paid from the proceeds of the sale upon approval of the Court;

(h) The United States requests that the remaining proceeds from the sale of the real property, representing the property subject to forfeiture, be held in escrow, pending further order of the Court and be substituted for the real property that is the subject of this litigation.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That the government's motion for the entry of a protective order directing the interlocutory sale of the real property commonly known as 2540 Chadwick Way, Mundelein, Illinois, pursuant to 18 U.S.C. § 983(j), is granted. It is further ordered,

2. That in order to facilitate the sale of the property, EG&G Technical Services, Inc., be allowed to employ a real estate broker experienced and knowledgeable in the sale of similar property, with multiple listings, who shall be paid the usual and customary commission and/or fees from the proceeds of the sale, not exceeding 6.0%. Furthermore, a representative of EG&G Technical Services, Inc., and a realtor hired by EG&G Technical Services, Inc., to dispose of the property, shall be permitted access to the property for the limited purpose of securing the premises and taking whatever steps are necessary to prepare the property for sale so as to preserve the value of the real property subject to forfeiture. If the subject property is occupied, any occupants shall be required to sign an occupancy agreement with EG&G Technical Services, Inc., or its representatives and cooperate with EG&G Technical Services, Inc., or its representatives, in its efforts to sell the property. Failure to cooperate shall result in further action by this Court, including eviction. It is further ordered,

3. Upon the sale of the real property, Harris Trust and Savings Bank, shall receive the unpaid balance of the mortgage and interest due at the note rate. If appropriate, Harris Trust and Savings Bank shall be reimbursed for funds advanced to taxing authorities in order to pay

outstanding real estate taxes owed on the property and funds advanced to pay outstanding insurance premiums. In addition, any outstanding state, county, city or school taxes due and owing shall be paid. Furthermore, any fees incurred by EG&G Technical Services, Inc., in effectuating the sale of the real property, including realtor's fees, shall be paid from the proceeds of the sale. It is further ordered,

4. That the remaining proceeds from the sale of the real property, representing the property subject to forfeiture, be held in escrow, pending further order of the Court and be substituted for the real property that is the subject of this litigation. It is further ordered,

5. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order authorizing the sale of the defendant property.

JAMES B. MORAN
United States District Judge

DATED: May 12, 2005